UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
MOTOROLA CREDIT CORP., *et al.*,

              Plaintiffs,

    v.                                No. 02 Civ. 0666 (JSR)

KEMAL UZAN, *et al.*,

              Defendants.
------------------------------------x

## STIPULATION AND ORDER
## IMPLEMENTING SECOND CIRCUIT JUDGMENT

WHEREAS, on February 13, 2013, the Court entered in this action an Order Granting Injunctive Relief and Restraining Order (the "Restraining Order");

WHEREAS, on May 30, 2013, the Court entered an Order (the "May 30 Order") granting a motion filed by non-party Standard Chartered Bank ("Standard Chartered") for relief from the Restraining Order, on the ground that New York's "separate entity rule" precluded plaintiff Motorola Solutions Credit Co. LLC f/k/a Motorola Credit Corp. ("Motorola") from restraining assets held by a foreign Standard Chartered branch by service of the Restraining Order on Standard Chartered's New York branch;

WHEREAS, in the May 30 Order, the Court simultaneously stayed the release of the restraint that had been imposed on Standard Chartered pending an appeal by Motorola, contingent upon Motorola's posting an injunction bond in the amount of $1 million (the "Bond");

...
...

**WHEREAS**, Motorola timely posted the Bond and filed a timely notice of appeal from the May 31 Order;

**WHEREAS**, on January 14, 2014, the U.S. Court of Appeals for the Second Circuit certified the following question to the New York Court of Appeals: "whether the separate entity rule precludes a judgment creditor from ordering a garnishee bank operating branches in New York to restrain a debtor's assets held in foreign branches of the bank," 740 F.3d 108, 118 (2d Cir. 2014);

**WHEREAS**, on October 23, 2014, the New York Court of Appeals answered the certified question in the affirmative;

**WHEREAS**, on November 14, 2014, the U.S. Court of Appeals for the Second Circuit, upon receiving the answer to the certified question, issued an opinion holding that this Court "correctly concluded that the separate entity rule precludes the restraint of assets held in Standard Chartered Bank's foreign branches"; and

**WHEREAS**, the Second Circuit entered Judgment on November 14, 2014, remanding this action to this Court with instructions to vacate the Restraining Order on defendants' assets held in foreign branches of Standard Chartered;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for Motorola and Standard Chartered, that:

1. The stay of the release of the restraint that had been imposed on the assets held in the United Arab Emirates by Standard Chartered in the May 30 Order, pending an appeal by Motorola, is hereby **VACATED**.

2. The Restraining Order is hereby **VACATED** to the extent that it previously restrained assets held in Standard Chartered's foreign branches.

3. The Bond posted by Motorola is hereby **DISCHARGED**.

4. This Stipulation and Order shall have no effect on any matter other than the implementation of the Second Circuit's November 14, 2014 Judgment.

DATE: December 18, 2014

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
By:

*[signature]*
Howard H. Stahl
801 17th Street, N.W.
Washington, DC 20006
Tel: (202) 639-7000
howard.stahl@friedfrank.com

*Counsel for Motorola Solutions Credit Co. LLC*

DATE: December 18, 2014

SULLIVAN & CROMWELL LLP
By:

*[signature]*
Sharon L. Nelles
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
nelless@sullcrom.com

*Counsel for Standard Chartered Bank*

SO ORDERED this 22nd day of December, 2014.

*[signature]*
JED S. RAKOFF
U.S. DISTRICT JUDGE