UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTOROLA CREDIT CORPORATION and NOKIA CORPORATION,

Plaintiffs,

-v-

KEMAL UZAN, et al.,

Defendants.

02-cv-666 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Pending before the Court are the Motions of plaintiff Motorola Credit Corporation ("Motorola") for Summary Judgment to Renew the Judgment ("2026 Motion to Renew"), see ECF No. 1106; defendant Murat Hakan Uzan's June 16, 2026 Notice of Motion for Stay of Response Deadline Pending Appeal ("June 16 Motion for Stay"), see ECF No. 1125; and defendant Murat Hakan Uzan's August 20, 2026 Motion for Limited Disclosure Concerning Third Party Economic Interests and Control ("Motion for Disclosure"), see ECF No. 1128. Each Motion is addressed in turn.

**I. Motorola's 2026 Motion to Renew**

The 2026 Motion to Renew requests an order that (1) "declare[s] that the Judgment remains valid for twenty-years after the last payment as defined in [NY] C.P.LR. [§] 211(b)" and (2) "renew[s] the Judgment for an additional twenty-year period." 2026

Mtn. to Renew at 8, ECF No. 1106. Subsequently Motorola has clarified that it "principally seeks judicial application of N.Y. C.P.L.R. § 211(b) and a declaration that the Judgment remains valid for twenty years following the last collection on the Judgment." Opp. to Mtn. for Disclosure at 2-3, ECF No. 1129; see also Motorola's Letter Response at 1, ECF No. 1112.

This Court entered a final judgment in this case on July 31, 2003. See ECF No. 454. Following defendants' appeal in which the Second Circuit vacated part of the 2003 final judgment, this Court ordered the Clerk to enter an amended final judgment. See ECF No. 675. The Clerk of Court entered final judgment on June 20, 2006, "reconfirming the parts of the judgment dated July 31, 2003 that were not vacated, and awarding Motorola the sum of $1 billion in punitive damages from the individual defendants, jointly and severally; accordingly, the total monetary damages are amended to $3,132,896,905.66 and the case is closed." ECF No. 676.

On June 28, 2023, this Court issued an "order granting motion for summary judgment to renew judgment." See 2023 Order, ECF No. 1104. The 2023 Order defined "the 'Judgment'" as "the judgment of this Court dated July 31, 2003, [] as amended June [20], 2006"; concluded that "good cause for renewal of the Judgment" existed; and thus "ORDERED . . . [t]hat the Motion is Granted and Motorola's Judgment is renewed." Id. The 2023 Order thus ordered that Summary

Judgment is granted to Motorola as follows: "(a) Judgment Debtors are liable to Motorola, jointly and severally, in the amount of $1, 341,274,395.53 (in compensatory damages) as of July 31, 2023, and (b) Judgment Debtors are liable to Motorola, jointly and severally, in the amount of $2,250,028,255.12 (in punitive damages), and (c) interest on the Renewed Judgment shall run at the statutory rate in effect as of the date of this Order." Id. In response to Motorola's latest motion, this Court on October 1, 2026 directed the Clerk of Court to enter a Renewed Judgment, see ECF No. 1134, which the Clerk of Court entered on October 6, 2026, see ECF No. 1135. The Renewed Judgment renews and supersedes the prior effective final judgment in this case: the 2006 final judgment, which amended the prior 2003 final judgment. Motorola's further requested relief is therefore unnecessary.

**II. Defendant's June 16 Motion for Stay**

The June 16 Motion for Stay is identical to defendant's June 12, 2026 Motion for Stay of Response deadline pending appeal, which this Court denied in an Order dated June 15, 2026. See June 15 Order, ECF No. 1123.

The June 16 Motion for Stay is denied for two independent reasons. First, it is untimely. On June 3, 2026 this Court ordered that the deadline for defendant to respond to Motorola's 2026 Motion to Renew was June 17, 2026. See ECF No. 1117. "[A]ll

litigants, including *pro ses*, have an obligation to comply with court orders." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990). That deadline has come and gone and defendant did not respond by the court-ordered deadline. The June 16 Motion for Stay is thus untimely.

Second, in any case, a stay pending appeal is unwarranted because defendant is unlikely to succeed on the merits of his appeal. Whether to grant a stay is within the discretion of this Court, and the four relevant criteria are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009). "The first two factors . . . are the most critical." Id.

Defendant is unlikely to succeed on the merits because, as explained in the June 15 Order, the Second Circuit lacks appellate jurisdiction over the appeal. Defendant appealed an order granting alternative service, ECF No. 1111, and extending the deadline for defendant to respond to Motorola's 2026 Motion to Renew, ECF No. 1117. See ECF No. 1118. Neither order is a final decision and neither order falls within the collateral order exception because

they are not "effectively unreviewable" upon appeal from a final judgment. Belya v. Kapral, 45 F.4th 621, 630 (2d Cir. 2022); see also SEC v. MCC Int'l Corp., No. 23-11139, 2024 WL 180636, at *1 (11th Cir. Jan 17, 2024) (order permitting alternative service is not appealable under the collateral order doctrine). The Supreme Court has held that "denial of a motion to dismiss . . . based upon jurisdictional grounds[] is not immediately reviewable" because the "question may be saved for disposition upon review of final judgment." Catlin v. U.S., 324 U.S. 229, 236 (1945). Service also concerns this Court's jurisdiction, and this Court's ruling as to alternative service is adequately preserved for review on appeal from a suitable final order of this Court. See Burnham v. Sup. Ct. of California, 495 U.S. 604, 613 (1990) ("[S]ervice of process confer[s] jurisdiction."); see also Petrol Shipping Corp. v. Kingdom of Greece, Ministry of Com., Purchase Directorate, 360 F.2d 103, 106 (2d Cir. 1966) ("[J]urisdiction must be acquired [] by service of process.").

Accordingly, the June 16 Motion for Stay is denied.

**III. Defendant's Motion for Disclosure**

Defendant's Motion for Disclosure requests an order requiring Motorola to disclose "the identity of every person or entity possessing any legal, beneficial, assigned, participation, contingent, or other economic interest relating" to the judgment;

whether the judgment has been "made subject to any direct or indirect economic interest in favor of a third party"; the identity of any person or identity providing any "financing or funding, directly or indirectly" for proceedings related to the judgment; and more. See ECF No. 1128 at 4-5.

The only authority defendant invokes for the requested discovery is Federal Rule of Civil Procedure 26(b)(1). "A district court has wide latitude to determine the scope of discovery" under Rule 26(b)(1). In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). Even assuming Rule 26(b)(1) applies, defendant's request falls outside "the scope of discovery" because defendant has not identified any reason why the requested information is "relevant to any party's claim or defense" or explained why the discovery is important to "resolving the issues" "at stake in the action." Fed. R. Civ. P. 26(b)(1).

Accordingly, the June 16 Motion for Stay is denied.

## IV. Conclusion

For the foregoing reasons, Motorola's motion is effectively granted by nature of the entry of the Renewed Judgment dated October 6, 2026. The motions of defendant Murat Hakan Uzan for a stay and for disclosure are denied.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 1106, 1125, and 1128.

SO ORDERED.

Dated: New York, New York
October 8, 2026

JED S. RAKOFF, U.S.D.J.